Tammy Hussin (155290)
WEISBERG & MEYERS, LLC
6455 Pyrus Pl.
Carlsbad, CA 92011
866 775 3666 ext 215
866 565 1327 facsimile
thussin@AttorneysForConsumers.com
Attorney for Plaintiff



ORIGINAL

FILED
FEB 19 2009
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

DIANA TRAN,

Plaintiff,

vs.

BAY AREA CREDIT SERVICE, LLC

Defendant.

) Case No. CV 09 0749 EMC
)
) COMPLAINT FOR VIOLATION
) OF FEDERAL FAIR DEBT
) COLLECTION PRACTICES ACT
) AND VIOLATION OF PRIVACY
)
)
)
)
)

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code § 1788, *et seq.* (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair

Complaint - 1

practices. Plaintiff further alleges a claim for invasion of privacy ancillary to Defendant's collection efforts.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).

## III. PARTIES

3. Plaintiff, Diana Tran ("Plaintiff"), is a natural person residing in the County of San Francisco, in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3) and is a "debtor" as defined by RFDCPA Cal Code 1788.2(h).

4. At all relevant times herein, Defendant, Bay Area Credit Service, LLC, ("Defendant") was a limited liability company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code § 1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and RFDCPA, Cal Civ Code § 1788.2(c).

## IV. FACTUAL ALLEGATIONS

5. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

6. Within the last year, Defendant caused Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff, including calling Plaintiff five or more times in a single day and calling Plaintiff immediately back after hanging up, in violation of 15 USC § 1692d(5) and Cal Civ Code § 1788.11(d).

7. Within the last year, Defendant used false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff, including agreeing to a monthly payment amount by Plaintiff and later denying that such an agreement had been made in violation of 15 USC § 1692e(10) and Cal Civ Code 1788.17.

8. Within the last year, Defendant threatened to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken, including threatening to take legal action against Plaintiff without actual intent to do so or knowledge of the current creditors intent to do so in violation of 15 USC § 1692e(5) and Cal Civ Code 1788.17.

9. Defendant's aforementioned violations of the FDCPA also constitute an intentional intrusion into Plaintiff's private places and into private matters of Plaintiff's life, conducted in a manner highly offensive to a reasonable person. Plaintiff had a subjective expectation of privacy in the context of Defendant's actions that was objectively reasonable under the circumstances.

10. As a result of Defendant's behavior, detailed above, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

11. Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.    Declaratory judgment that Defendant's conduct violated the FDCPA;

    B.    Actual damages;

    C.    Statutory damages;

    D.    Costs and reasonable attorney's fees; and,

    E.    For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

12. Plaintiff reincorporates by reference all of the preceding paragraphs.

13. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

- A. Declaratory judgment that Defendant's conduct violated the RFDCPA;
- B. Actual damages;
- C. Statutory damages for willful and negligent violations;
- D. Costs and reasonable attorney's fees,
- F. For such other and further relief as may be just and proper.

## COUNT III: COMMON LAW INVASION OF PRIVACY

14. Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

- A. Actual damages
- B. Punitive Damages; and,
- C. For such other and further relief as may be just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 16th day of February, 2009.

1
2
3
4
5
6
7

By: s/Tammy Hussin
Tammy Hussin (155290)
WEISBERG & MEYERS, LLC
6455 Pyrus Pl.
Carlsbad, CA 92011
866 775 3666
866 565 1327 facsimile
thussin@AttorneysForConsumers.com
Attorney for Plaintiff